# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>        v.<br><br>DAWN ELISE CONTIZANO,<br><br>                      Defendant. | Case No. 19-cr-04529-BAS-1<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT**<br>**(ECF No. 22)** |

Defendant Dawn Elise Contizano brings this Motion to Dismiss the Indictment arguing: (1) "Counts 1–21 of the indictment are multiplicitous because they are based on only two allegedly fraudulent actions"; (2) "Counts 9–23 lack specificity because they don't allege what fraudulent statements form the basis of those charges"; and (3) "Count 24 improperly charges a violation of 18 U.S.C. § 1001, which is preempted by 18 U.S.C. § 1920 in cases involving false statements for federal employees' compensation benefits." (ECF No. 22 ("Motion") at 4–5.)  For the reasons stated below the Court **DENIES** the Motion to Dismiss.

I.     **STATEMENT OF FACTS**

The Grand Jury brought an Indictment against Ms. Contizano charging 23 counts of fraud to obtain federal workers' compensation benefits in violation of 18 U.S.C. § 1920

- 1 -

and one count of false statement to an agency of the United States in violation of 18 U.S.C. § 1001. (ECF No. 1 ("Indictment").)

In the Introductory Allegations, the Indictment alleges that Ms. Contizano was employed with the United States Department of the Army from April 2, 1979 until the date of the Indictment (November 8, 2019). (Indictment ¶ 8.) "On July 19, 1979, [she] received a hand injury while working at a tire factory as a laborer with the United States Army in Oberamstadt, Germany." (*Id.* ¶ 9.) On or about July 23, 1979, she filed for and received federal workers' compensation benefits as a result of this injury. (*Id.* ¶¶ 10–11.) "Through July 2017, the [Office of Workers' Compensation Programs ('OWCP')] has paid $668,704.88 in lost wage compensation to Ms. Contizano." (*Id.* ¶ 12.)

In order to collect this compensation, Ms. Contizano was required to submit regular forms and have regular Quality Assurance interviews to confirm that she was not currently employed and was unable to return to work. (*Id.* ¶¶ 17–18.) Specifically, on June 23, 2015 and July 11, 2016, she submitted forms (OWCP Form EN-1032) that said she had not worked for any employer for the past 15 months and was not self-employed. (*Id.* ¶¶ 17, 20.) Additionally, on May 23, 2016, she reported on a 2016 Quality Assurance Questionnaire that she had not worked since her injury in 1979, had not helped any family members with business, and had not been involved in the sale of any type of services. (*Id.* ¶ 22.) And on May 24, 2016, she met with Claims Examiner Tony Ling and said she was unable to return to work, she was not employed or self-employed in any business and she did not assist family members with their business or employment. (*Id.* ¶¶ 18, 24.)

In fact, according to the Indictment, on May 19 and 21, 2015, federal agents saw Ms. Contizano transport and deliver multiple packages to the U.S.P.S. on behalf of "Revive SkinSolutions, MD," a company managed by her daughter. (*Id.* ¶¶ 13–16.)

Counts 1–21 charge that Ms. Contizano received federal workers' compensation payments on twenty-one different occasions from November 15, 2014 to June 25, 2016, and that these payments were received as a result of the false statements made in the OWCP EN-1032 forms on June 23, 2015 and July 11, 2016. (Indictment, Counts 1–22.) Count

22 charges the false statement made in the Quality Assurance Questionnaire on May 23, 2016 (*id.* ¶¶ 21–22), and Count 23 charges the false statement made to Senior Claims Examiner Tony Ling on May 24, 2016 (*id.* ¶¶ 23–24). Count 24 charges a false statement to a federal agency in violation of 18 U.S.C. § 1001 in that Ms. Contizano "falsely report[ed] that she had not worked since her injury in 1979, had not helped any persons, including family members, in a business, and had not been involved in the sale of any type of goods and services, to OWCP Senior Claims Examiner Tony Ling." (*Id.* ¶ 26.)

## II. ANALYSIS

### A. Mulitiplicitous

Ms. Contizano first argues that Counts 1–21 are multiplicitous because they are based on only two false statements in the OWCP EN-1032 forms. An indictment is multiplicitous if it charges a single offense in more than one count, "producing two penalties for one crime and thus raising double jeopardy questions." *United States v. Stewart*, 420 F.3d 1007, 1013 (9th Cir. 2005); *United States v. Garlick*, 240 F.3d 789, 793–94 (9th Cir. 2001). "The test for multiplicity is whether each count requires proof of an additional fact which the other does not." *Garlick*, 240 F.3d at 794 (quotation omitted). The court should look at the elements of the offense and ask "whether Congress intended to prescribe multiple punishments for the same conduct." *United States v. Nash*, 115 F.3d 1431, 1437 (9th Cir. 1997).

Counts 1–21 charge a violation of Title 18 U.S.C. § 1920, which makes it criminal to:

> knowingly and willfully falsif[y], conceal[], or cover[] up a material fact, or make[] a false, fictitious, or fraudulent statement or representation, or make[] or use[] a false statement or report knowing the same to contain any false, fictitious, or fraudulent statement or entry in connection with the application for *or receipt of* compensation or other benefit or payment.

18 U.S.C. § 1920 (emphasis added). Thus, the Government is required to prove not only that a false statement was made, but also that it was made in connection with the receipt of compensation. The Indictment, therefore, correctly outlines the specific receipt of

compensation alleged in each count. The counts are not multiplicitous because each count requires proof of an additional fact—that is, the specific receipt of compensation—that the other does not. The Motion to Dismiss the indictment as multiplicitous is **DENIED**.

### B. Lack of Specificity

Ms. Contizano alleges that Counts 9 through 23 lack specificity "because they don't allege what fraudulent statements form the basis of those charges." (Motion at 4–5.) The Court disagrees.

"An indictment must furnish the defendant with a sufficient description of the charges against [her] to enable [her] to prepare [her] defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, and to enable [her] to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge." *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979).

Ms. Contizano argues that Counts 9–21 are based on an allegedly false statement made on the July 11, 2016 OWCP EN-1032 form. And, although the Indictment lays out the specific false statements made on the June 23, 2015 OWCP EN-1032 form, it fails to do so with respect to the July 11, 2016 form. (Motion at 7–8.) However, the Indictment does say that, on both of these forms, Ms. Contizano falsely reported "that she was not working for the period covered by the OWCP Form during the fifteen month period prior to" July 11, 2016. (Indictment ¶ 20.) This is a sufficient description to allow Ms. Contizano to prepare her defense and for both Ms. Contizano and the Court to determine the basis for the false statement charge.

Similarly, Ms. Contizano argues that Count 22 and Count 23 lack specificity because they fail to detail the statements made in the Quality Assurance Questionnaire on May 23, 2016 (Count 22), and to the Senior Claims Examiner Tony Ling on May 24, 2016 (Count 23). Once again, the Court disagrees. With respect to the Quality Assurance Questionnaire, the Indictment charges that Ms. Contizano falsely reported "that she had not worked since her injury in 1979, had not helped any persons, including family

members, in a business, and had not been involved in the sale of any type of goods and services." (Indictment ¶ 22.)  With respect to the interview with Tony Ling, the Indictment alleges Ms. Contizano stated:  she was unable to return to work, she had not participated in any voluntary work, she was not employed or self-employed in any type of business, she did not assist family members with their business or employment and was not involved in the sale of any type of goods or services, all of which were false.  (*Id.* ¶ 18.)  Again, these are sufficient descriptions to allow Ms. Contizano to prepare her defense and for both Ms. Contizano and the Court to determine the basis for the false statement charges in Counts 22 and 23.

Defendant's Motion to Dismiss for lack of specificity is **DENIED**.

**C.     Preemption**

Finally, Ms. Contizano argues that Count 24, charging a violation of 18 U.S.C. § 1001, is preempted by 18 U.S.C. § 1920 in cases like this one.  (Motion at 10.)  In *United States v. Richardson*, 8 F.3d 15 (9th Cir. 1993) (per curiam), the Ninth Circuit found that a charge under Section 1001 was preempted by Section 1920. *Id.* at 17.  Specifically, the court expressed concern that, although a Section 1001 charge could be a felony, Congress had passed Section 1920, making it a misdemeanor to make a false statement in connection with federal workers' compensation.  Thus, Section 1920 "provided the exclusive avenue of prosecution for federal disability fraud cases." *United States v. Fitzgerald,* 147 F.3d 1101, 1103 (9th Cir. 1998) (citing *Richardson*, 8 F.3d at 17).

However, since *Richardson* was decided, Congress amended section 1920 so it now closely resembles Section 1001:  both statutes can be charged as a felony.  At least one district court has concluded that this amendment cures any preemption issue. *United States v. Smith*, No. 1:09CR101, 2010 WL 2749115 (W.D.N.C. July 12, 2010).  In *Smith*, the Government charged Section 1001 and not Section 1920 for false statements made to obtain federal disability benefits.  The court found the Government could prosecute under either statute:

//

> Due to the subsequent amendment of § 1920, the inconsistency between these two statutory provisions, as found by the *Richardson* court, no longer exists: both statutes now provide similar penalties for making false statements to the Government. As such, the Court must conclude that the holding in *Richardson* is [sic] no longer represents an accurate statement of the law.

*Id.* at *2. The Court agrees with the reasoning in *Smith*.

However, at oral argument, Contizano raised an additional issue. If the two counts are functionally the same, requiring no additional elements, then they are multiplicitous. (Transcript at 12:12–14.) But, as discussed above, Section 1920 requires the Government to prove that the false statement was in connection with the receipt of compensation. 18 U.S.C. § 1920. This element is not required for Section 1001. And Section 1001, on the other hand, requires the Government to prove that the false statement was made "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States." 18 U.S.C. § 1001(a). Presumably a jury could find that a statement was made in a matter within a branch of the U.S. Government, but not that it was in connection with the receipt of compensation. At best, Section 1001 could be considered a lesser included offense of Section 1920. S*ee United States v. Rivera-Alonzo*, 584 F.3d 829, 832 (9th Cir. 2009) (explaining that one offense is a lesser included offense of the other if the "elements of the lesser offense are a subset of the elements of the charged offense"). In any event, the Government informed the Court at oral argument that it would not be pursuing both charges at trial. (Transcript at 15:5–16.)

Therefore, the Court denies the motion to dismiss Count 24. The Court adopts the reasoning of *Smith* that Section 1920 no longer preempts a charge under Section 1001, and the Court will address any concerns about multiplicity before trial. *See United States v. King*, 713 F. Supp. 2d 1207, 1218 (D. Haw. 2010) (noting a court may address multiplicitous counts by dismissing the count, directing the government to elect under which count it will proceed, or having all counts proceed to trial and vacating one of the multiplicitous convictions prior to sentencing).

## III. CONCLUSION

For the reasons stated above the Court **DENIES** Defendant's Motion to Dismiss the Indictment (ECF No. 22).

**IT IS SO ORDERED.**

**DATED: September 9, 2020**

Hon. Cynthia Bashant
United States District Judge